VER STRAETEN v. LEWIS, Judge.

1. **Intoxicating Liquors**: INJUNCTION : DESIGNATION OF PROPERTY : CONTEMPT. A writ enjoining a party from unlawfully selling intoxicating liquors on " part of lot number two, in the northeast quarter of the northwest quarter of section twenty-three," etc., is not void for uncertainty, as the mandate would be violated, and the offender made liable to punishment for contempt, by doing the forbidden acts on any part of the lot.

[GRANGER and ROBINSON, JJ., *dissenting.*]

Ver Straeten v. Lewis.

2. ——: ——: CONTEMPT : EVIDENCE AS TO PLACE OF OFFENSE. In a proceeding for contempt in violating an injunction against the maintenance of a liquor nuisance on "part of lot number two," a witness who testified to the doing of the forbidden acts by the enjoined party was unable to testify from his personal knowledge that the building in which the forbidden acts were done was situated on lot number two ; but he testified that he had examined a plat of the town in which the property was situated, and that he was able to say from that examination, and his knowledge of the location and surroundings, that the building was situated on that lot. *Held* that this evidence was not only not incompetent, but that it satisfactorily established the fact of the violation of the injunction.

*Certiorari to Poweshiek District Court.*—HON. W. R. LEWIS, Judge.

FILED, FEBRUARY 2, 1889.

PLAINTIFF was accused of contempt in disregarding an injunction. On a hearing before the district court of Poweshiek county, he was found guilty and sentenced to pay a fine, and to be imprisoned in the county jail. He then sued out a writ of *certiorari* from this court, which was served on the judge, who for return to the writ has certified the record of the proceedings to us.

*Scott & Clute*, for plaintiff.

*A. J. Baker*, Attorney General, for defendant,

REED, C. J.—I. The writ enjoined plaintiff from unlawfully selling any intoxicating liquors, including ale, wine and beer, and from keeping, or being concerned in keeping, the same for sale, contrary to law, either by himself, or agents, clerks, porters or lessees, upon the following described real estate, situated and lying in Poweshiek county, Iowa, to-wit : " Part of lot number two, in the northeast quarter of the northwest quarter of section twenty-three, township number eighty north, of range number fourteen west, until otherwise ordered by the court." It was contended that the writ was void for uncertainty. That a writ or order for the abatement

1. INTOXICATING liquors: injunction: designation of property: contempt.

of a nuisance which contained no more definite description of the property intended to be affected than that in the writ in question would be void, may be true. In that case, it would not be possible for the officer charged with the duty of executing the writ to determine from its recitals the particular building or place intended. But in this case the principal office of the writ was to prohibit the doing of certain specified acts. In that respect there is no uncertainty in its recitals. Any person, on reading the writ, would understand just what acts were forbidden by it. It prohibits the doing of the acts on "part of lot two," etc., and the mandate would be violated by doing them on any part of that lot.

II. The evidence, without conflict, shows that plaintiff continued to sell intoxicating liquors after the writ was served. It al so shows that he carried on the business in the building used by him for that purpose when the injunction proceeding was instituted. No witness, however, was able to testify from his personal knowledge that the building was situated on lot two. But one witness did testify that he had examined a plat of the town in which the property is situated, and that he was able to say from that examination, and his knowledge of the location and the surroundings, that it is situated on the tract described in the writ. It was contended that the evidence of that witness as to the identity of the property is incompetent, being in the nature of mere hearsay. But evidence relating to the description of real estate is nearly always of that character, and necessarily so. The primary evidence of the subdivision of land, as a general rule, is found in the record of the surveys. But it is common practice in the courts to admit parol evidence as to the location and description of particular tracts. The manner of numbering the sections of land in a township, and their subdivisions, are matters of common knowledge in this country, where all the lands are included in regular surveys; and it is perfectly competent in some cases to prove the location of a building or other place, with reference to the subdivisions, by parol,

2. ——:——: contempt: evidence as to place of offense.

whether the witnesses, by whose testimony it is proven, have any actual knowledge of the surveys or not. The evidence in question is of that character. The witness went to the common source of information as to the subdivision, viz., the plat or map of the locality, and from his examination, and his general acquaintance with the locality, was able to testify that the building occupied by the plaintiff was on the particular tract described in the writ. His testimony was not only competent, but it satisfactorily establishes the fact in question. We do not find, upon an examination of the record, that the district court acted illegally, or in excess of its jurisdiction, in rendering judgment against plaintiff, and this proceeding will accordingly be

DISMISSED.

GRANGER, J. (*dissenting*).—I do not concur in the conclusion announced by the majority opinion, that the writ is not void for uncertainty. Under the recitals of the writ, the defendant in the injunction proceeding was enjoined from selling, etc., on "part of lot two." The majority opinion holds that the writ would be violated by selling on any part of the lot. To so hold is by force of construction to make a part include the whole. This we are not authorized to do. It is a rule having the force of mathematical certainty that "a part is not equal to the whole." I think it plain, from the language of the writ, that it was not the intention to include in its operation all of the lot, which the record shows to embrace about twenty-eight acres, but only a part, and that part the court failed to designate. Such orders should be specific and certain, to justify the imposition of heavy penalties for violation. The writ itself should indicate to the party enjoined its very purpose, and then, if violated, the court should without hesitation impose the legal punishments. The majority opinion concedes that an officer with a writ of abatement for a nuisance, with the recitals so indefinite, could not execute it, because he could not determine the building or place intended. I think it just as indefinite as to the

Ver Straeten v. Lewis.

person required to observe the writ; he cannot determine the building or place intended. It is said that in this case the principal office of the writ was to prohibit the doing of certain specified acts, and that in that respect there was no uncertainty. That is true, but the writ went further, and fixed the restraint as to part of a lot; plainly indicating thereby that it did not mean the whole. The writ is exactly as plain a guide for the officer as for the party restrained. It should be kept in mind that this is not a proceeding to punish for the sale of liquors in violation of the general statutes, but for selling in violation of the orders of the court, and no punishment can be imposed in such a proceeding, unless such orders have been violated. If this is the rule to be applied in this case, it must be applied in others, when the act charged as a contempt would not otherwise be an offense. Let us suppose that A. and B. are owners of distinct parts of lot two, and at B.'s instance A. is sought to be enjoined from cutting timber on B.'s part; and the writ, as in this case, commands him not to cut timber on part of said lot, and he afterwards cuts timber on his own, could the court, upon complaint, say he was restrained from cutting on any part, and adjudge him in contempt? If the restraint was actually as to the whole lot, he could be punished. But I do not think, in such a case, the court would so hold. The cases may differ as to sentiment, but they do not in principle. I think the writ too indefinite to be enforced, and that the plaintiff should be discharged.

ROBINSON, J., concurs in this conclusion.